Kevin A. James, SBN 285302
Becker & Runkle
263 Main Street, Level 2
Placerville, CA 95667
Email: kevin@kajameslaw.com
Telephone: (530) 295-6400
Fax: (530) 295-6408


*Attorney for Plaintiff*
JAMES CARR

*[continued on next page]*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARR, an individual,<br>　　　　　　　　Plaintiff,<br>　　vs.<br>AUTONATION, INC., a Delaware corporation;<br>JEFFREY DAVIS, an individual;<br>WAYNE HUIZENGA, an individual;<br>LKQ CORPORATION, a Delaware corporation; and DOES 1-25,<br>　　　　　　　　Defendants. | Case No. 2:17-cv-01539-JAM-AC<br><br>**PARTIES' STIPULATION OF DISMISSAL OF DEFENDANTS HUIZENGA AND DAVIS WITHOUT PREJUDICE AND AGREEMENT AS TO TOLLING AND OTHER TERMS; ORDER** |

Laura K. Christa, SBN 97319
CHRISTA & JACKSON
1901 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-6002
E-mail: lchrista@christalaw.com
Telephone: (310) 282-8040
*Attorneys for Defendants*
AUTONATION, Inc.
JEFFREY DAVIS
WAYNE HUIZENGA

Melissa A. Jones, SBN 205576
Matthew Struhar, SBN 293973
STOEL RIVES LLP
500 Capitol Mall, Suite 1600
Sacramento, CA 95814
E-mail: melissa.jones@stoel.com
E-mail: matt.struhar@stoel.com
Telephone: (916) 447-4700
*Attorneys for Defendants*
AUTONATION, Inc.
JEFFREY DAVIS
WAYNE HUIZENGA

Joel W. Rice
James M. Hux, Jr.
FISHER & PHILLIPS, LLP
444 South Flower Street, Suite 1500
Los Angeles, CA 90071
E-mail: lgiamela@fisherphillips.com
Telephone: (213) 330-4454
*Attorneys for Defendant*
LKQ CORPORATION
*PRO HAC VICE*

Stanley H. Wakshlag
Jannelle M. Ans
KENNY NACHWALTER, PA
Four Seasons Tower
1441 Brickell Avenue
Suite 1100
Miami, FL 33121
Telephone: (305) 373-1000
*Attorneys for Defendant*
WAYNE HUIZENGA
*PRO HAC VICE*

**STIPULATION OF DISMISSAL WITHOUT PREJUDICE & TOLLING AGREMENT;
[PROPOSED] ORDER**

WHEREAS, Plaintiff James Carr ("Plaintiff") commenced the above-captioned action with the filing of the operative Complaint on June 15, 2017 in the Superior Court for the State of California for the County of El Dorado with the following named defendants: (1) AutoNation, Inc., a Delaware corporation; (2) Jeffrey Davis, an individual; (3) Wayne Huizenga, an individual; and (4) LKQ Corporation, a Delaware corporation (collectively, "Defendants," and, together with Plaintiff, the "Parties");

WHEREAS Defendants removed the above-captioned action to this Court on July 27, 2017 (hereinafter referred to as the "Action");

WHEREAS the Parties have engaged in meaningful meet and confer efforts in advance of Defendants filing any motions to dismiss or engaging in other early motion practice;

WHEREAS, among the issues discussed in those meet and confer sessions was the continued inclusion in this Action of Defendants Huizenga and Davis (the "Tolling Defendants"), two individuals domiciled in Florida, in this action and the appropriateness of a California forum for a suit involving those two Florida residents;

WHEREAS, AutoNation, Inc. and LKQ Corporation have indicated a willingness to forego all other venue and jurisdictional challenges and enter into the following agreement governing tolling and other matters in exchange for Plaintiff's dismissal without prejudice of the Tolling Defendants from this action pursuant to the terms of the following agreement (hereinafter referred to as the "Agreement").

WHEREAS, without admitting or denying the validity of any challenges the Tolling Defendants may make to the Complaint, jurisdiction, or venue, and in an effort to narrow the issues at this early stage of the Action, Plaintiff is willing to dismiss the Tolling Defendants from this Action without prejudice provided his rights to reinstate, join, or otherwise resume this Action or a separate action against the Tolling Defendants are in no way prejudiced.

IT IS HEREBY STIPULATED and AGREED, by and among counsel of record for Plaintiff and Defendants, that:

1. The Action shall be dismissed, without prejudice, as to the Tolling Defendants, with each party to bear his own costs and attorneys' fees.

2. Plaintiff reserves the right, in his sole discretion, to amend his Complaint or to file a separate complaint against the Tolling Defendants to restore his claims against any or all of the Tolling Defendants, and each of the Tolling Defendants reserves his respective rights in his sole discretion to assert any defenses or counterclaims against Plaintiff except as set forth herein. Neither Plaintiff's dismissal of Tolling Defendants nor Defendants' agreement to the terms of this stipulation shall be asserted or construed to be a waiver of any claim or defense among any of the Parties.

3. If Plaintiff files a complaint against either or both of the Tolling Defendants arising out of or relating to the Action or the allegations contained therein, or reinstates either or both of the Tolling Defendants in the Action by motion to join, amend, or otherwise, each Tolling Defendant agrees that any defenses based on laches, estoppel, statute of limitations, or the passage of time will be tolled as of June 15, 2017 and will be applied as though any future action against the Tolling Defendants arising out of or relating to the above-captioned action commenced on June 15, 2017.

4. This Agreement shall not prevent Plaintiff from obtaining discovery from each Tolling Defendant pursuant to the Federal Rules of Civil Procedure ("FRCP") for non-parties and each Tolling Defendant agrees to respond to and make himself available for such discovery, including depositions pursuant to this Agreement, without waiving any rights they may otherwise have as a matter of law with respect to any such discovery or deposition so noticed. Furthermore, counsel for the Tolling Defendants will accept notice of their depositions as opposed to a subpoena under FRCP Rule 45 and Tolling Defendants will make themselves available to be deposed in the respective cities where they reside in Florida on mutually convenient dates. The Tolling Defendants agree that any disputes relating to discovery contemplated under this Paragraph shall be heard in this Court.

5. Neither Plaintiff's dismissal of the Tolling Defendants, nor this Agreement, shall be construed as an admission of liability or wrongdoing by any Defendant or any infirmity in Plaintiff's claims as pleaded in the initial Complaint. Other than as set forth herein, by signing this Agreement, no Tolling Defendant waives any right to object to or defend against the Action or any related action on any grounds, including but not limited to jurisdictional defenses under FRCP Rule 12; however, Plaintiff's dismissal without prejudice of the Tolling Defendants shall not be used against Plaintiff if he attempts to reinstate an action against the Tolling Defendants, nor shall Plaintiff be required to allege law, facts, or theories distinct from those contained in his initial Complaint in order to reinstate such action. By signing this Agreement, AutoNation, Inc. and LKQ Corporation do not waive any right to object to or defend against the Action or any related action pursuant to FRCP Rule 12(b)(6) or on statute of limitations grounds. Additionally, in the event of reinstatement of an action against either or both of the Tolling Defendants, the Tolling Defendants may seek dismissal on all available grounds provided under FRCP Rule 12 and any Defendant may seek transfer under 28 USC § 1404, provided, however, that no Defendant shall seek dismissal for improper joinder under FRCP Rule 19.

6. Plaintiff may, in his sole discretion, exercise the rights set forth herein to amend his Complaint to reinstitute the Tolling Defendants, file a separate complaint against the Tolling Defendants, or otherwise join the Tolling Defendants at any time prior to 90 days before the close of discovery. Plaintiff acknowledges that the Tolling Defendants would be entitled to engage in motion practice, including motions to dismiss the claims asserted against them, and to engage in necessary discovery. The Parties further agree that any subsequent written discovery by and between Plaintiff and the individual defendants would then be subject to a 20 day deadline, rather than the 30 days provided for in the FRCP. Assuming the period provided for discovery is at least 180 days, the Parties agree that written discovery and depositions will be completed by the Plaintiff and corporate Defendants prior to 90 days before the

**STIPULATION OF DISMISSAL WITHOUT PREJUDICE & TOLLING AGREMENT; [PROPOSED] ORDER**

discovery cutoff.  Nothing in this Agreement shall preclude any party from petitioning the Court for modifications or extensions to the discovery and case management schedule should the circumstances warrant such modification or extension.

7. This Agreement shall bind and benefit each of the Parties and their respective successors, assigns, and legal representatives.  This Agreement shall be construed under the laws of the State of California except to the extent that federal law applies.

8. This Agreement represents the entire agreement by and between the parties hereto on the subject matters contained herein, and supersedes any and all prior agreements and understandings.  This Agreement may not be modified except by a writing signed by all of the Parties to be bound.

9. Each person signing this Agreement represents and warrants that he or she is expressly authorized and empowered to sign on behalf of and bind the Parties on whose behalf this document has been executed.  If this Agreement is executed by counsel, counsel represents and promises that counsel is expressly authorized to execute this Agreement on behalf of the Party or Parties counsel represents.

10. For the purposes of resolving any disputes arising out of this Agreement, the Agreement shall be deemed to have been drafted by all Parties, none of whom may assert that it should be construed against the other.

11. This Tolling Agreement may be executed in counterparts, including by signature transmitted by facsimile or by electronic signature with consent of the signatory.

6

**STIPULATION OF DISMISSAL WITHOUT PREJUDICE & TOLLING AGREMENT; [PROPOSED] ORDER**

Respectfully submitted,

DATED: September 18, 2017  BECKER & RUNKLE

By /s/ *Kevin A. James*
Kevin A. James

*Attorneys for Plaintiff*
JAMES CARR

DATED: September 18, 2017  CHRISTA & JACKSON

By /s/ *Laura K. Christa (as authorized on 9/18/2017)*
Laura K. Christa

*Attorneys for Defendants*
AUTONATION, INC.
JEFFREY DAVIS
WAYNE HUIZENGA

DATED: September 18, 2017  FISHER & PHILLIPS, LLP

By /s/ *Joel W. Rice (as authorized on 9/18/2017)*
Joel W. Rice

*Attorneys for Defendant*
LKQ CORPORATION

DATED: September 18, 2017  KENNY NACHWALTER, PA

By /s/ *Stanley H. Wakshlag (as authorized on 9/18/2017)*
Stanley H. Wakshlag

*Attorneys for Defendant*
WAYNE HUIZENGA
*PRO HAC VICE*

## ORDER

IT IS HEREBY ORDERED THAT Defendants Wayne Huizenga and Jeffrey Davis are dismissed without prejudice pursuant to the terms of the foregoing stipulation.

DATED: 9/19/2017          /s/ John A. Mendez
                                         HON. JOHN A. MENDEZ
                                         UNITED STATES DISTRICT COURT JUDGE