UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARR,<br><br>    Plaintiff,<br><br>    v.<br><br>AUTONATION, INC., et al.<br><br>    Defendants. | No. 2:17-cv-01539-JAM-AC<br><br>**ORDER DENYING DEFENDANT AUTONATION'S MOTION TO CERTIFY ORDER ON MOTION TO DISMISS AS INTERLOCUTORY APPEAL** |

In January 2018, this Court granted LKQ's motion to dismiss Plaintiff's sole claim for trade secret misappropriation against it. Order (the "MTD Order"), ECF No. 35. The Court also granted AutoNation's motion to dismiss Plaintiff's trade secret misappropriation claim and denied AutoNation's motion to dismiss Plaintiff's implied contract claim on statute of limitations grounds because questions of fact existed over whether Plaintiff should have discovered the claim earlier. See MTD Order.

AutoNation moves[1] to certify the MTD Order as an interlocutory appeal under 28 U.S.C. § 1292(b). Mem., ECF No.

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 10, 2018.

1

40. Plaintiff opposes. Opp., ECF No. 42.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff owned and operated an automobile-wrecking business in Placerville, California between 1985 and 1995. Compl. ¶ 2. Based on his experience and background as a college-educated certified public accountant, Plaintiff created the Business Plan to transform the automobile-wrecking industry into an efficient, interconnected, and highly profitable national system capable of synchronizing the supply of wrecked cars with the demand of recycled auto parts. Compl. ¶¶ 2-3. Around November 1995, Plaintiff sent letters to approximately 10 companies and individuals to gauge their interest in being a business partner and capital source. Compl. ¶ 4.

One of two respondents asked for the Business Plan and then, upon Plaintiff's request, returned the Business Plan after indicating they were not interested. Compl. ¶ 5. AutoNation, owned by well-known businessman Wayne Huizenga ("Huizenga"), was the other company that responded. Compl. ¶ 4. Specifically, between November 1995 and January 1996, Jeff Davis ("Davis") of AutoNation called Plaintiff to ask some follow-up questions and asked for the Business Plan. Compl. ¶¶ 6, 8. Plaintiff sent Davis the Business Plan, but without any confidentiality agreement or non-disclosure agreement. Compl. ¶¶ 8, 42. Davis then traveled to California to meet with Plaintiff in person and tour approximately five automobile wrecking yards throughout Northern California. Compl. ¶ 9. During the visit, Plaintiff spoke to Davis about general next steps, including what the

2

nature of his future involvement would be if they decided to move forward. Id. Plaintiff claims that he also made clear to Davis that he "contemplated being compensated or otherwise involved should Huizenga, AutoNation, or any affiliates choose to move forward with the idea." Id.

After their visit, Davis called Plaintiff and told him that Huizenga and AutoNation were not interested in pursuing the Business Plan. Compl. ¶ 10. Plaintiff asked Davis to return the Business Plan and he did. Id. Then Plaintiff left the automobile-wrecking industry and moved on to other ventures. Id. He did not follow developments in the automobile-wrecking industry and did not keep in touch with people in the industry. Id.

At a barbeque almost ten years later, Plaintiff told a new acquaintance who owned a Northern California auto parts recycler that Plaintiff once had a billion dollar business idea involving the automobile-wrecking industry. Compl. ¶ 11. He added that he pitched it to Huizenga and AutoNation. Id. The new acquaintance expressed shock and told Plaintiff that a successful company called LKQ had been formed with Huizenga's involvement and that it was tremendously successful. Id.

Plaintiff did further research on the internet to learn that Huizenga's business associate founded LKQ and that Huizenga and AutoNation were founding backers. Compl. ¶ 12. And Plaintiff discovered that AutoNation owned significant shares of LKQ until 2003. Compl. ¶ 17.

After completing his initial research, Plaintiff filed suit

3

against Defendants AutoNation, Huizenga, Davis, and LKQ in El Dorado County Superior Court, alleging misappropriation of trade secrets against all Defendants and breach of contract implied in fact against AutoNation and Huizenga, seeking damages in excess of $87,000,000. Compl. ¶ 53. Defendants collectively removed the case to this Court under 28 U.S.C. § 1441. Not. of Removal, ECF No. 1. On September 19, 2017, the Court approved the parties' stipulation to dismiss Defendants Huizenga and Davis without prejudice. ECF No. 22.

## II. OPINION

Interlocutory appeal under 28 U.S.C. § 1292(b) is appropriate only in extraordinary cases and it was not intended merely to provide review of difficult rulings in hard cases. U.S. Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966). An order may be certified for interlocutory appeal where it "involves a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 688-89 (9th Cir. 2011) (quoting and citing 28 U.S.C. § 1292(b)). The party seeking certification must show that the requisite elements are satisfied. Couch v. Telescope, 611 F.3d 629, 633 (9th Cir. 2010).

Courts traditionally will find that a substantial ground for difference of opinion exists where novel and difficult questions of first impression exist. Reese, 643 F.3d at 688. When novel legal issues are presented, on which jurists may reach

4

contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent. Id. To decide if a substantial ground for difference of opinion exists under § 1292(b), courts must examine to what extent the controlling law is unclear. Couch v. Telescope, 611 F.3d at 633 (internal quotation marks omitted). One party's strong disagreement with a court's ruling does not suffice to establish a substantial ground for difference of opinion. Id. That settled law could be applied differently also does not establish a substantial ground for difference of opinion. Id.

Here, AutoNation states that the question to be certified is "whether a plaintiff should be barred from asserting some type of a 'safe harbor,' based on case law that permits him or her to claim that no 'reasonable suspicion' presented itself during the period of the statute of limitations or beyond, such that they can argue they cannot be held to a duty to conduct a reasonable investigation into potential claims prior to the running of the statute of limitations." Mem. at 4. To argue that jurists can disagree on the issue of whether a statute of limitations can be extended by over 20 years as in this case, AutoNation provides a chart of 14 cases where different courts have applied California's discovery rule to extend the statute of limitations for the claims brought by the plaintiffs in those cases for as little as 1-3 years and as many as 9-13 years. Id. at 7-9.[2]

---

[2] Citing E-Fab, Inc. v. Accountants, Inc. Services, 153 Cal. App. 4th 1308, 1319-23 (2007); UniRAM Tech, Inc. v. Taiwan Seminconductor Mfg. Co., 617 F. Supp. 2d 938, 946-48 (N.D. Cal. 2007); Hobart v. Hobart, 26 Cal. 2d 412, 421-22 (1945); McMenemy

5

AutoNation also discusses three cases where courts denied requests by plaintiffs to extend the statute of limitations for 24 years, from the 1980s to 1997, and for 20 years. Id. at 9-10 (citing Conerly v. Westinghouse Elec. Corp., 623 F.2d 117, 120-21 (9th Cir. 1980); McKelvey v. Boeing North America, Inc., 74 Cal. App. 4th 151, 161 (1999); Goldberg v. Cameron, 482 F. Supp. 2d 1136, 1147-49 (N.D. Cal. 2007)).

AutoNation also cites Bernal v. Zumiez, 16-cv-01820, 2017 WL 4542950, *2 (E.D. Cal. Oct. 11, 2017) to argue that the substantial ground for difference of opinion element is satisfied where neither the parties nor the court locate a single on-point case addressing a similar claim. Mem. at 7. In Bernal, however, the Court found that "[a] substantial ground for difference of opinion has already been demonstrated" because "Judge George H. Wu considered the exact question at issue in Defendant's motion" in a case in the Central District of California and "granted Plaintiff's motion to certify and stayed the action pending appeal." 2017 WL 4542950, *2. Here, AutoNation has failed to supply a case where another court has already certified the question "whether a plaintiff should be barred from asserting some type of a 'safe harbor,' based on case law that permits him

---

v. Colonial First Lending Grp., Inc., 2:14-cv-1482 JAM AC, Docket No. 94 (E.D. Cal. Apr. 15, 2015); Brocade Communications Systems, Inc. v. A10 Networks, Inc., 2011 WL 1044899, *3 (N.D. Cal. 2011); Kling v. Hallmark Cards, Inc., 225 F.3d 1030, 1041 (2000); Fox v. Ethicon Endo-Surgery, Inc., 35 Cal. 4th 797, 803-04, 811 (2005); Prudential Home Mort. Co. v. Sup. Ct., 66 Cal. App. 4th 1236 (1998); Watts v. Crocker-Citizens Nat'l Bank, 132 Cal. App. 3d 516, 523 (1982); Gryczman v. 4550 Pico Partners, Ltd., 107 Cal. App. 4th 1, 4, 6-7 (2003); Gen. Bedding Corp. v. Echevarria, 947 F.2d 1395, 1399 (1991); Unruh-Haxton v. Regents of Univ. of Cal., 162 Cal. App. 4th 343, 351-52 (2008).

or her to claim that no 'reasonable suspicion' presented itself during the period of the statute of limitations or beyond, such that they can argue they cannot be held to a duty to conduct a reasonable investigation into potential claims prior to the running of the statute of limitations" or a similar question. See Mem. So the reasoning from Bernal offers limited support to AutoNation's argument.

As Plaintiff also points out, in the cases cited by AutoNation where the courts did not extend the statute of limitations, the courts did not apply or rely on a bright-line time cut-off but rather on a failure by those plaintiffs (unlike here) to allege facts that could support a finding that delayed discovery was reasonable. Opp. at 8 (citing Conerly, 623 F.2d at 120-21; McKelvey, 74 Cal. App. 4th at 161; Goldberg, 482 F. Supp. 2d at 1147-49).

In its reply, AutoNation contends that the "crux of the matter" is when a plaintiff suspects or should suspect that their injury was caused by wrongdoing. Reply at 1. AutoNation also asserts that what "remains largely unresolved in the case law is the extent to which a plaintiff is obligated as a matter of reasonable due diligence to access and be on notice of open and obvious available information." Reply at 2. The Court agrees to the extent that AutoNation means to say that there is no case that conclusively rules on whether Plaintiff should be permitted to extend the statute of limitations on his claim for 20 years based on the unique facts of this case. Deciding (1) when a plaintiff should suspect that his injury was caused by wrongdoing and (2) to what extent a plaintiff is reasonably obligated to

access and be on notice of open and obvious available information require applying the discovery rule to the specific facts of a case. AutoNation is essentially asking this Court to certify the MTD Order so that the Ninth Circuit can decide whether the alleged facts show that Plaintiff acted reasonably under the discovery rule. That requires applying the law to the specific facts at hand. That courts may disagree, however, on the application of law to specific facts does not establish a "substantial ground for difference of opinion" on a controlling question of law under § 1292(b). See Couch v. Telescope, 611 F.3d at 633. The Court finds AutoNation has failed to show that the MTD Order involves a controlling question of law as to which there is substantial ground for difference of opinion. Accordingly, AutoNation's motion is denied.

## III. ORDER

For the reasons set forth above, the Court DENIES AutoNation's motion to certify the MTD Order as an interlocutory appeal under 28 U.S.C. § 1292(b).

IT IS SO ORDERED.

Dated: August 14, 2018

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE